Adam P. Karp, JD, MS
Animal Law Offices, PLLC
114 W. Magnolia St., Ste. 400-104
Bellingham, WA 98225
888.430.0001
adam@animal-lawyer.com
WSB 28622

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **JANE DOE and JOHN DOE,**[1] **Washington residents,** | Case No.: |
| Plaintiffs, | **COMPLAINT AND JURY DEMAND** |
| vs. | |
| **PIERCE COUNTY HOUSING AUTHORITY, a public entity,** | |
| Defendant. | |

**COME NOW** Plaintiffs Jane Doe and John Doe, by and through their undersigned attorneys, and file their Complaint for Declaratory and Injunctive Relief and Damages and state:

## I.    INTRODUCTION

1.    Plaintiff Jane Doe is an individual with mental and physical impairments that substantially limit her major life activities.

2.    Plaintiff John Doe is an individual with mental and physical impairments that substantially limit his major life activities.

---

[1] A *Motion to Proceed Anonymously* will be forthcoming.

COMPLAINT AND JURY DEMAND - 1

3.      Plaintiffs bring this action seeking declaratory, injunctive and equitable relief; compensatory damages; and attorneys' fees and costs to redress Pierce County Housing Authority's unlawful discrimination on the basis of disability in violation of The Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3604 *et seq* and Section 504 of The Rehabilitation Act, U.S.C. § 794 *et seq*.

4.      The public entity Pierce County Housing Authority ("PCHA") has failed to reasonably accommodate Ms. Doe's disability related need for an emotional support animal. Ms. Doe brings this action to compel PCHA to grant her request for a waiver of its no-pet rule so that she may obtain an emotional support animal and for damages based upon PCHA's constructive denial of her request for an accommodation.

5.      The public entity Pierce County Housing Authority ("PCHA") has failed to reasonably accommodate Mr. Doe's disability related need for an emotional support animal and his disability related need for a parking space near his apartment. Mr. Doe brings this action to compel PCHA to grant his request for a waiver of its no-pet rule and for a parking space close to his unit based upon PCHA's constructive denial of his request for accommodations.

## II.    PARTIES

6.      Ms. Doe brings this action as an individual living in Washington State.

7.      Mr. Doe brings this action as an individual living in Washington State.

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

8.     Pierce County Housing Authority (PCHA) is an independent public entity located in Washington State which operates Ms. Doe's residence, Chateau Rainier Apartments, located at 4600 16th Street East, Fife, Washington 98424. The majority of PCHA's funding is through the federal government, through the United States Department of Housing and Urban Development.

### III.   JURISDICTION AND VENUE

9.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

10.     This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

11.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the events that gave rise to Plaintiffs' Complaint for Injunctive Relief and Damages occurred in this district and PCHA is located within this district.

### IV.   FACTUAL ALLEGATIONS

#### A. Jane Doe

12.     Jane Doe is 37 years old and suffers from and has a history of suffering from a generalized anxiety disorder that substantially limits her major life activities.

**COMPLAINT AND JURY DEMAND** - 3

13.    Additionally, Jane Doe suffers from chronic neck pain, a herniated disk and recurrent migraines.

14.    Jane Doe moved into her unit at Chateau Rainier Apartments on April 10, 2015.

15.    Shortly after moving to Chateau Rainier Apartments, Ms. Doe submitted a "Reasonable Accommodation Request Verification Information Form" to Chateau Rainier Apartments as well as a letter from her then treating physician, Doug S. Kim M.D. verifying her need to live with an emotional support animal.

16.    On July 25, 2015, Jane Doe was granted an accommodation, and a few days later she obtained her emotional support animal, a puppy she named "Enoch."

17.    After obtaining Enoch, the symptoms of Jane Doe's anxiety disorder lessened. With Enoch's therapeutic support Jane Doe found it easier to control recurring negative thoughts, fell asleep easier because she was not as anxious, and was able to obtain more restful sleep.

18.    On March 26, 2021, Jane Doe required major surgery on her neck, an artificial disk replacement.

19.    Jane Doe's need to live with Enoch was accommodated until November of 2022, when she found it necessary to re-home Enoch with a family member. Enoch is a large dog, and he strenuously pulled on his leash when Ms. Doe walked him, aggravating her chronic neck pain.

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

20.    Once Jane Doe placed Enoch with a family member the symptoms of her anxiety disorder increased.

21.    Jane Doe decided to obtain a smaller dog she could walk without aggravating her neck pain to be her emotional support animal.

22.    On July 1, 2022, Ms. Doe emailed another a completed "Reasonable Accommodation Request Verification Information Form" and a letter from her new treating physician Dr. Geoffrey Tsoi attesting to her need to have an assistance animal to Patty Carson, the manager of Chateau Rainier Apartments. In that email Ms. Doe asked the manager let her know if there was "anything else she needed to do." The July 1, 2022 email is attached hereto and incorporated by reference as Exhibit 1.

23.    The "Reasonable Accommodation Request Verification Information Form" required Ms. Doe to authorize PCHA to contact her doctor.

24.    As of the date of this filing, Defendant PCHA has not granted Ms. Doe's request for an accommodation so that she may obtain an emotional support animal, nor has Defendant PCHA sought clarification regarding Ms. Doe's disability related need for an emotional support animal.

25.    In the time since Ms. Doe has been forced to live without an emotional support animal her anxiety has worsened and has further impaired her daily functioning.

COMPLAINT AND JURY DEMAND - 5

26.     Ms. Doe emailed Ms. Carson multiple times regarding the status of her accommodation request and was told that Chateau Rainier Apartments' new management was "behind."

27.     On January 23, 2023, more than six (6) months after submitting her accommodation request, Ms. Doe emailed Christina McLeod, PCHA's Director of Operations pointing out that her request for accommodation had been submitted more than six (6) earlier and imploring that the doctor's letter that she had provided to Patty Carson be approved. The January 23, 2023 email is attached hereto and incorporated by reference as Exhibit 2.

28.     Ms. McLeod responded that she was "in process of reviewing all the Fair Housing Disability Reasonable Accommodation requests that we had a consultant review and conduct the assessment in relationship to the laws, due to our staff's limited capacity," and indicated that she would "search for your request and follow up with you by end of this week (week of Jan 23-28th)." A copy of Ms. McLeod's January 23, 2023 email is attached hereto and incorporated by reference as Exhibit 3.

29.     The week of January 23rd through January 28, 2023 passed without further communication from Ms. McLeod.

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

30.     On January 30, 2023 Ms. Doe again reached out to Ms. McLeod expressing her frustration at the amount of time that had passed without approval of her request for accommodation for her disabilities.

31.     Ms. Doe did not enjoy the courtesy of a response to her January 30, 2023 email to Ms. McLeod, and at the time of this filing Ms. McLeod has failed to "follow up" with Ms. Doe regarding her request to have an emotional support animal.

32.     Based on the now more than nine (9) month delay in acting upon Ms. Doe's request for accommodation, PCHA has constructively denied her request.

33.     PCHA's actions were intentional, deliberate, willful and in total and reckless disregard of Ms. Doe's need for an emotional support animal and show total indifference to Ms. Doe's disabilities.

34.     Ms. Doe has been injured by the Defendant's discriminatory housing practices and therefore qualifies as an "aggrieved person" pursuant to 42 U.S.C. § 3602(i).

35.     As a direct and proximate result of the PCHA's conduct, Ms. Doe suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

36.     Ms. Doe has retained undersigned counsel to represent her in this matter and has agreed to pay them reasonable fees for their services.

**B. John Doe**

37.     Mr. Doe is 37 years old and has resided at Chateau Rainier since 2016 or 2017.

38.     Mr. Doe suffers from and has a history of suffering from mental and physical impairments that substantially limit his daily life activities including working, self-care, sleeping and interacting with others.

39.     Mr. Doe suffers from Major Depressive Disorder and Generalized Anxiety Disorder and experiences frequent panic attacks.

40.     Additionally, Mr. Doe suffered a severe on the job injury on August 14, 2019 that herniated two lumbar disks. Mr. Doe is in chronic pain from his work-related injury and has not worked since his accident.

41.     After a therapist disclosed his mental health care records to numerous patients, Mr. Doe's anxiety and depression worsened, and he has had extreme difficulty in interacting with others ever since.

42.     On or about March 1, 2023, Mr. Doe sent an email to the property manager requesting two accommodations; permission to get an emotional support animal, and to be assigned a parking space close to his unit. He attached prescriptions from his Psychiatrist Dr. J. Daniel Wanwig asking that Mr. Doe be assigned a

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

parking space near his unit, and that he be allowed to have "a Support Dog for Anxiety and Depression."

43.    On March 20, 2023, after hearing nothing in response to his accommodation requests for more than two weeks, Mr. Doe provided Defendant a detailed letter from his Psychiatrist, specifically explaining Mr. Doe's disability-related need for the requested accommodations and how the accommodations will help Mr. Doe cope with his disabilities. A copy of Mr. Doe's March 20, 2023 email and the letter from Dr. Wanwig are attached as Exhibit 5.

44.    On March 29, 2023 John Doe received an email from the property manager apologizing for the "late response," acknowledging receipt of Mr. Doe's "request for a dog, also your request for a closer parking stall" and stating the requests were forwarded to the Director of Operations, who planned on responding by March 31, 2023. The email, which is attached hereto as Exhibit 6, warned that "this time frame might be extended" because "the director has been out of the office due to illness."

45.    As of the time of filing, PCHA has failed to grant Mr. Doe either accommodation, or to request additional information regarding his requests.

46.    PCHA has had more than adequate time to review Mr. Doe's accommodation requests.

**COMPLAINT AND JURY DEMAND** - 9

47.     The indeterminate delay in granting Mr. Doe's requests for accommodation constitutes constructive denial of his requests.

48.     PCHA's actions were intentional, deliberate, willful and in total and reckless disregard of Mr. Doe's need for his requested accommodations and show total indifference to Mr. Doe's disabilities.

49.     Mr. Doe has been injured by the Defendant's discriminatory housing practices and therefore qualifies as an "aggrieved person" pursuant to 42 U.S.C. § 3602(i).

50.     As a direct and proximate result of the PCHA's conduct, Mr. Doe suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

51.     Mr. Doe has retained undersigned counsel to represent him in this matter and has agreed to pay them reasonable fees for their services.

### V.    First Cause of Action
### Violation of the Fair Housing Amendments Act
### Failure to Accommodate Jane Doe

52.     Ms. Doe re-alleges and incorporates by reference Paragraphs 1, 3-6, and 8-36 as if fully set forth herein.

53.     The Federal Fair Housing Amendments Act ("FHAA") makes it unlawful to "discriminate against any person…in the provision of services or

COMPLAINT AND JURY DEMAND - 10

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 ● Bellingham, WA 98225
(888) 430-0001 ● Facsimile: (833) 878-6835
adam@animal-lawyer.com

facilities in connection with [a] dwelling, because of a handicap of (A) that person; or (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; C) any person associated with that person. 42 U.S.C. § 3604(f)(2).

54.    Under the FHAA, a person has a "handicap" when they have "a physical or mental impairment which substantially limits one or more of such person's major life activities."42 U.S.C.A. § 3602(h)(1).

55.    Discrimination under the FHAA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

56.    Ms. Doe suffers from chronic anxiety and chronic pain that substantially limit her major life activities.

57.    Ms. Doe has a disability-related need to reside with an animal for emotional support.

58.    To have equal use and enjoyment of her home, it is necessary that Ms. Doe has the ability to live with an emotional support animal to help ameliorate the symptoms of her disabilities.

59.    At all times relevant, PCHA had actual knowledge of Ms. Doe's disability related need to reside with an emotional support animal.

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

60.    Ms. Doe provided PCHA reliable, third-party verification of her disability-related need for an accommodation so that she may reside in her home with an emotional support animal to assist her in coping with her disabilities.

61.    At the time of filing, PCHA has constructively denied Ms. Doe's request for an accommodation by failing to grant or deny her request in more than nine (9) months.

62.    PCHA's actions were in total and reckless disregard of Ms. Doe's rights and demonstrate indifference to Ms. Doe's disability-related needs.

63.    PCHA, through the conduct and acts described above, violated 42 U.S.C. § 3604(f) by failing to make reasonable accommodation to it rules, policies, practices, or services, when such accommodation is necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling.

64.    Waving Chateau Rainier Apartments' no pet policy so that Ms. Doe can live in her home with an emotional support animal would not: (1) result in substantial physical damage to the property of others or that of Chateau Rainier Apartments; (2) pose an undue financial and administrative burden to Chateau Rainier Apartments; or (3) fundamentally alter the nature of the Chateau Rainier Apartments' operations,

65.    As a direct and proximate result of Defendant' s denial of Ms. Doe's accommodation request, Ms. Doe suffered, and continues to suffer irreparable loss and injury including, but not limited to, monetary damages, mental anguish, loss of

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

dignity, emotional distress, humiliation, invasion of privacy, loss of her rights to equal housing opportunities regardless of disability.

## VI.    Second Cause of Action
### Section 504 of the Rehabilitation Act of 1973
### Jane Doe

66.    Ms. Doe re-alleges and incorporates by reference Paragraphs 1, 3-6, 8-36 and 53-65 as if fully set forth herein.

67.    Ms. Doe is limited in her major life activities of sleeping, concentrating, and self-care and accordingly is an individual with a disability as defined by Section 504. 29 U.S.C. § 705(9).

68.    At all times relevant to this action, PCHA has been a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794.

69.    A recipient of federal funds that provides housing illegally discriminates by "[denying] a qualified individual with handicaps the opportunity to participate in, or benefit from, the housing, aid, benefit, or service"… or providing "housing, aid, benefit, or service that is not as effective in affording the [individual with a disability] an equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 24 C.F.R. § 8.4(b)(1)(i),(iii).

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 ● Bellingham, WA 98225
(888) 430-0001 ● Facsimile: (833) 878-6835
adam@animal-lawyer.com

70.    By not reasonably accommodating Ms. Doe's disability related need to reside with an animal for emotional support, PCHA has denied her the benefit and service of public housing.

71.    The Rehabilitation Act extends relief to "any person aggrieved" by discrimination in violation thereof. 29 U.S.C. § 794a(a)(2).

72.    Any individual may recover compensatory damages under the Rehabilitation Act when a public entity intentionally discriminates through "deliberate indifference."

73.    Deliberate indifference requires knowledge that harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.

74.    PCHA, acting through Patty Carson and Christina McLeod, were informed on multiple occasions that Ms. Doe had a disability-related need for an emotional support animal, but intentionally failed to grant Ms. Doe's request for reasonable accommodation for more than nine (9) months, failing to protect her rights.

75.    PCHA intentionally discriminated against Ms. Doe on the basis of her disability in violation of the Rehabilitation Act and its implementing regulations.

76.    Ms. Doe is therefore entitled to injunctive relief; attorneys' fees, costs, and disbursements; and compensatory damages for the injuries and loss sustained as

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

a result of PCHA's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

### VII.      Third Cause of Action
### Violation of the Fair Housing Amendments Act
### Failure to Accommodate John Doe-Emotional Support Animal

77.    Mr. Doe re-alleges and incorporates by reference Paragraphs 3, 3-4, 8-11 and 37-51 as if fully set forth herein.

78.    The Federal Fair Housing Amendments Act ("FHAA") makes it unlawful to "discriminate against any person…in the provision of services or facilities in connection with [a] dwelling, because of a handicap of (A) that person; or (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; C) any person associated with that person. 42 U.S.C. § 3604(f)(2).

79.    Under the FHAA, a person has a "handicap" when they have "a physical or mental impairment which substantially limits one or more of such person's major life activities."42 U.S.C.A. § 3602(h)(1).

80.    Discrimination under the FHAA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 ● Bellingham, WA 98225
(888) 430-0001 ● Facsimile: (833) 878-6835
adam@animal-lawyer.com

81. Mr. Doe suffers from mental and physical impairments that substantially limit his major life activities.

82. To have equal use and enjoyment of his home, it is necessary that Mr. Doe live with an emotional support animal to help ameliorate the symptoms of his disabilities.

83. At all times relevant, PCHA had actual knowledge of Mr. Doe's disability related need to reside with an emotional support animal.

84. Mr. Doe provided PCHA reliable, third-party verification of his disability-related need to reside with an emotional support animal.

85. PCHA has constructively denied Mr. Doe's accommodation requests by failing to grant or deny his request or request additional information from Mr. Doe in more than a month.

86. PCHA's actions were in total and reckless disregard of Mr. Doe's rights, and demonstrate indifference to Mr. Doe's disability-related needs.

87. PCHA, through the conduct and acts described above, violated 42 U.S.C. § 3604(f) by failing to make reasonable accommodation to it rules, policies, practices, or services, when such accommodation is necessary to afford Plaintiff John Doe an equal opportunity to use and enjoy his dwelling.

88. Waving Chateau Rainier Apartments' no pet policy so that Mr. Doe can live in his home with an emotional support animal would not: (1) result in substantial

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 ● Bellingham, WA 98225
(888) 430-0001 ● Facsimile: (833) 878-6835
adam@animal-lawyer.com

physical damage to the property of others or that of Chateau Rainier Apartments; (2) pose an undue financial and administrative burden to Chateau Rainier Apartments; or (3) fundamentally alter the nature of the Chateau Rainier Apartments' operations.

89.     As a direct and proximate result of Defendant' s failure to grant Mr. Doe's accommodation request, Mr. Doe suffered, and continues to suffer irreparable loss and injury including, but not limited to, monetary damages, mental anguish, loss of dignity, emotional distress, humiliation, invasion of privacy, loss of his rights to equal housing opportunities regardless of disability.

### VIII.  Fourth Cause of Action
### Violation of the Fair Housing Amendments Act
### Failure to Accommodate John Doe-Parking Space

90.     Mr. Doe re-alleges and incorporates by reference Paragraphs 3, 3-4, 8-11 and 37-51 as if fully set forth herein.

91.     The Federal Fair Housing Amendments Act ("FHAA") makes it unlawful to "discriminate against any person…in the provision of services or facilities in connection with [a] dwelling, because of a handicap of  (A) that person; or (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; C) any person associated with that person. 42 U.S.C. § 3604(f)(2).

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 ● Bellingham, WA 98225
(888) 430-0001 ● Facsimile: (833) 878-6835
adam@animal-lawyer.com

92.     Under the FHAA, a person has a "handicap" when they have "a physical or mental impairment which substantially limits one or more of such person's major life activities."42 U.S.C.A. § 3602(h)(1).

93.     Discrimination under the FHAA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

94.     Mr. Doe suffers from mental and physical impairments that substantially limit his major life activities.

95.     Encountering strangers frequently triggers Mr. Doe to have a panic attack.

96.     To have equal use and enjoyment of his home, it is necessary that Mr. Doe have an assigned parking space near his home so that he does not have to encounter numerous other residents when coming and going from his home.

97.     At all times relevant, PCHA had actual knowledge of Mr. Doe's disability-related need for an assigned parking space close to his unit.

98.     Mr. Doe provided PCHA reliable, third-party verification of his disability-related need for an assigned parking space.

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

99.    PCHA has constructively denied Mr. Doe's request for an accommodation by failing to grant or deny his request or request additional information from Mr. Doe in more than a month.

100.   PCHA's actions were in total and reckless disregard of Mr. Doe's rights, and demonstrate indifference to Mr. Doe's disability-related needs.

101.   PCHA, through the conduct and acts described above, violated 42 U.S.C. § 3604(f) by failing to make reasonable accommodation to its rules, policies, practices, or services, when such accommodation is necessary to afford Plaintiff John Doe an equal opportunity to use and enjoy his dwelling.

102.   Assigning Mr. Doe a parking space near his home to minimize his interactions with residents unknown to him would not: (1) result in substantial physical damage to the property of others or that of Chateau Rainier Apartments; (2) pose an undue financial and administrative burden to Chateau Rainier Apartments; or (3) fundamentally alter the nature of the Chateau Rainier Apartments' operations.

103.   As a direct and proximate result of Defendant' s failure to grant Mr. Doe's accommodation request, Mr. Doe suffered, and continues to suffer irreparable loss and injury including, but not limited to, monetary damages, mental anguish, loss of dignity, emotional distress, humiliation, invasion of privacy, loss of his rights to equal housing opportunities regardless of disability.

## IX.    Fifth Cause of Action
### Section 504 of the Rehabilitation Act of 1973

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 ● Bellingham, WA 98225
(888) 430-0001 ● Facsimile: (833) 878-6835
adam@animal-lawyer.com

**John Doe Emotional Support Animal**

104.   Mr. Doe re-alleges and incorporates by reference Paragraphs 3, 3-4, 8-11 and 37-51 as if fully set forth herein.

105.   Mr. Doe is limited in his major life activities of working, sleeping, self-care and interacting with others and accordingly is an individual with a disability as defined by Section 504. 29 U.S.C. § 705(9).

106.   At all times relevant to this action, PCHA has been a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794.

107. A recipient of federal funds that provides housing illegally discriminates by "[denying] a qualified individual with handicaps the opportunity to participate in, or benefit from, the housing, aid, benefit, or service"… or providing "housing, aid, benefit, or service that is not as effective in affording the [individual with a disability] an equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 24 C.F.R. § 8.4(b)(1)(i),(iii).

108.   Mr. Doe requested a waiver of the no-pet policy so that he could obtain a dog to be his emotional support animal.

109.   By not reasonably accommodating Mr. Doe's disability related need for an emotional support animal, PCHA has denied him the benefit and service of public housing.

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

110.   The Rehabilitation Act extends relief to "any person aggrieved" by discrimination in violation thereof. 29 U.S.C. § 794a(a)(2).

111.   Any individual may recover compensatory damages under the Rehabilitation Act when a public entity intentionally discriminates through "deliberate indifference."

112.   Deliberate indifference requires knowledge that harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.

113.   PCHA, acting through Patty Carson and Christina McLeod, were aware that Mr. Doe has a disability-related need for an emotional support animal, but intentionally failed to grant Mr. Doe's request for reasonable accommodation.

114.   PCHA intentionally discriminated against Mr. Doe on the basis of his disability in violation of the Rehabilitation Act and its implementing regulations.

115.   Mr. Doe is therefore entitled to injunctive relief; attorneys' fees, costs, and disbursements; and compensatory damages for the injuries and loss sustained as a result of PCHA's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

## X.   Sixth Cause of Action
### Section 504 of the Rehabilitation Act of 1973
### John Doe Assigned Parking Space

116.   Mr. Doe re-alleges and incorporates by reference Paragraphs 3, 3-4, 8-11 and 37-51 as if fully set forth herein.

**COMPLAINT AND JURY DEMAND** - 21

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 ● Bellingham, WA 98225
(888) 430-0001 ● Facsimile: (833) 878-6835
adam@animal-lawyer.com

117.    Mr. Doe is limited in his major life activities of working, sleeping, self-care and interacting with others and accordingly is an individual with a disability as defined by Section 504. 29 U.S.C. § 705(9).

118.    At all times relevant to this action, PCHA has been a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794.

119.    A recipient of federal funds that provides housing illegally discriminates by "[denying] a qualified individual with handicaps the opportunity to participate in, or benefit from, the housing, aid, benefit, or service"… or providing "housing, aid, benefit, or service that is not as effective in affording the [individual with a disability] an equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 24 C.F.R. § 8.4(b)(1)(i),(iii).

120.    Mr. Doe requested that he be assigned a parking space close to his home as an accommodation of his disability.

121.    By not reasonably accommodating Mr. Doe's disability-related need for an assigned parking space, PCHA has denied him the benefit and service of public housing.

122.    The Rehabilitation Act extends relief to "any person aggrieved" by discrimination in violation thereof. 29 U.S.C. § 794a(a)(2).

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 • Bellingham, WA 98225
(888) 430-0001 • Facsimile: (833) 878-6835
adam@animal-lawyer.com

123.   Any individual may recover compensatory damages under the Rehabilitation Act when a public entity intentionally discriminates through "deliberate indifference."

124.   Deliberate indifference requires knowledge that harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.

125.   PCHA, acting through Patty Carson and Christina McLeod, were aware that Mr. Doe has a disability-related need for an assigned parking space, but intentionally failed to grant Mr. Doe's request for reasonable accommodation.

126.   PCHA intentionally discriminated against Mr. Doe on the basis of his disability in violation of the Rehabilitation Act and its implementing regulations.

127.   Mr. Doe is therefore entitled to injunctive relief; attorneys' fees, costs, and disbursements; and compensatory damages for the injuries and loss sustained as a result of PCHA's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

## XI.  RELIEF REQUESTED

**WHEREFORE**, Plaintiffs **JANE DOE and JOHN DOE** respectfully request that this Court:

A.    Assume jurisdiction over this action;

B.    Find and declare that **PIERCE COUNTY HOUSING AUTHORITY** violated the Fair Housing Amendments Act and Section 504 of the Rehabilitation

**COMPLAINT AND JURY DEMAND** - 23

Act by discriminating against a person with a disability by constructively denying **JANE DOE's** request for accommodation of her need to live with an animal for emotional support and **JOHN DOE's** request for an assigned parking space near his unit and waiver of the no-pet rule so that he may obtain a dog for emotional support;

C.      Enter a preliminary and permanent injunction ordering **PIERCE COUNTY HOUSING AUTHORITY** to make Chateau Rainier Apartments accessible to disabled persons that rely upon assistance animals by waiving any restriction that prevents disabled persons from being accompanied by their assistance animals when residing in or visiting Chateau Rainier Apartments;

D.      Award **JANE DOE and JOHN DOE**:

i.      Actual and Compensatory damages under the pursuant to the Fair Housing Amendments Act and Section 504 of the Rehabilitation Act as will fully compensate **JANE DOE and JOHN DOE** for their injuries incurred as a result of **PIERCE COUNTY HOUSING AUTHORITY's** discriminatory housing practices and conduct alleged herein;

ii.      Reasonable costs and attorney's fees incurred herein pursuant to the Fair Housing Amendments Act and Section 504 of the Rehabilitation Act;

iii.      Interest on all amounts at the highest rates and from the earliest dates allowed by law.

**COMPLAINT AND JURY DEMAND** - 24

ANIMAL LAW OFFICES, PLLC
114 W. Magnolia St., Ste. 400-104 ● Bellingham, WA 98225
(888) 430-0001 ● Facsimile: (833) 878-6835
adam@animal-lawyer.com

E.      Award **JANE DOE and JOHN DOE** such additional or alternative relief as may be just, proper and equitable.

DATED THIS  13th day of April, 2023.

ANIMAL LAW OFFICES, PLLC            MARCY I. LAHART, P.A.[2]
114 W. Magnolia St. Suite 400-104         249 SE Tuscawilla Rd.
Bellingham, WA 08225                Micanopy, FL 32667
Office: (888) 430-0001              Telephone: (352) 224-5699
Facsimile: (833) 878-6835           Facsimile: (888) 400-1464
Email:adam@animal-lawyer.com        Email: marcy@floridaanimallawyer.com

BY: s/                              BY: s/ Marcy I. LaHart
Adam P. Karp, Esq.                  Marcy I. LaHart, Esq.
WSBA #28622                         Florida Bar No. 0967009

*Counsel for Plaintiffs*              *Counsel for Plaintiffs*


## JURY DEMAND

**COME NOW** the Plaintiffs, and pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby request a six-person jury in the above referenced matter.


Dated this 4.13.23,

ANIMAL LAW OFFICES, PLLC

Adam P. Karp, WSBA 28622
*Attorney for Plaintiffs*

---

[2] Pro hac vice application pending.

**COMPLAINT AND JURY DEMAND** - 25



----- Forwarded Message -----
**From:** ███████████████████
**To:** pcarson@pchawa.org <pcarson@pchawa.org>
**Sent:** Friday, July 1, 2022 at 03:19:21 PM PDT
**Subject:** RA request letter 2 attachments

Hi Patty,

Here are the documents for my RA. Let me know if there's anything else I need to do. Thanks!

███████████



**From:** ███████████████████
**Sent:** Monday, January 23, 2023 2:24 PM
**To:** Christina L. McLeod <CLMcLeod@pchawa.org>; Chateau Rainier <ChateauRainier@pchawa.org>
**Subject:** URGENT MATTER

⚠ **EXTERNAL** ⚠

---

Hi,

My name is ██████ I live in Apartment E-108 at Chateau Rainier. Friday July 1, 2022 I submitted a document from my doctor MD Geoffrey Tsoi to Patty. My doctor recommended that I be allowed to have a Companion/Service Dog to help me cope with my medical condition. Today is Monday January 23, 2023.

It's been 6 months and some days since submitting the document to Patty, the leasing manager. That was a very long time ago. Almost every month I made contact with Patty numerous times and was told the new management still had not approved my doctor's recommendations.

This is very unfortunate and is causing my condition to worsen. Since I became a tenant here I have always paid my rent on time and always abided by the conditions of my lease agreement. I feel bad that I signed a new lease agreement due to this ongoing situation which puts me in a box.

It is unfortunate my health has been ignored for this unreasonable amount of time. Numerous times Patty told me the new management was behind. Numerous times Patty told me she would reach out to the proper person to speed things up and each time nothing ever came of it.

I keep getting the runaround while my health continues to decline. With respect, there are other tenants with animals in this complex but for some reason I feel Chateau Rainier is unfairly singling me out and treating me unfairly.

At this point if nothing comes of this email I'm left with no other option but to explore my rights and possible legal options because my chronic health condition continues to decline.

Today, please approve my doctor's note that was sent to Patty. If you have any questions or concerns please contact me at ████████████

████████



From: **Christina L. McLeod** <CLMcLeod@pchawa.org>
Date: Mon, Jan 23, 2023 at 2:31 PM
Subject: CR E-108 - Disability RA for Animal - Requesting Update
To: ██████████████████████ Chateau Rainier <ChateauRainier@pchawa.org>

Thank you for email.

I am in process of reviewing all the Fair Housing Disability Reasonable Accommodation requests that we had a consultant review and conduct the assessment in relationship to the laws, due to our staff's limited capacity.

I will search for your request and follow up with you by end of this week (week of Jan 23-28[th]).

Sincerely,

*-tina*

Christina McLeod (she/her/hers)

*Director of Operations*

**Pierce County Housing Authority**

253.620.5400  Main

253.620.5427  Direct

603 Polk Street South

Tacoma, WA 98444

www.pchawa.org

 

*This e-mail is for the sole use of the intended recipient(s). It contains information that may be confidential and/or legally privileged. If you believe that it has been sent to you in error, please notify the sender by reply e-mail and delete the message. Any review, disclosure, copying, distribution or use of this information by others is strictly prohibited.*



On Wed, Mar 1, 2023 at 2:44 PM ███████████████████████████████████> wrote:
Hello, Patty,

My name is ██████████ and I live in Apartment E-108. Attached are notes from my doctor Dr. Wanwig requesting that I be allowed to have an emotional support dog and requesting I have a reserved parking space near my door. Both needs are due to my anxiety and depression.

████████████



From: ████████████████████████████████
Date: Mon, Mar 20, 2023 at 2:02 PM
Subject: Re: From E-108 URGENT
To: chateaurainier@pchawa.org <chateaurainier@pchawa.org>

Hi,

This is ████████████ in E-108 again, please also see the attachment,

Pursuant to the Fair Housing Act I am requesting a waiver of the no-pet policy so that I may obtain a dog to be my emotional support animal.

I am also asking to be assigned a parking spot close to my apartment and that when you approve the assigned parking space because I am in the address confidentiality program please do not put my name or address on the assigned parking sign.

As verification of my disability and need for these reasonable accommodations I am attaching a letter from my psychiatrist Dr. Wanwig.

Please let me know if you have any questions.



**CASCADE**
INTERNAL MEDICINE P.S.

J. Daniel Wanwig, M.D.

March 16, 2023

To Whom It May Concern:

**RE:** ███████████████████

I am a psychiatrist licensed by the state of Washington with more than 40 years of experience in my field. ████████████ is my patient and is under my care. ██████████ suffers from and has a history of suffering from mental impairments that substantially limit his major life activities, including working, sleeping, concentrating, driving, interacting with others and self-care.

It is my professional opinion that having an emotional support animal would assist ████████████ by helping to ameliorate the symptoms of his mental impairments. The mood stabilization benefits of living with companion animals have been well documented in professional literature. Additionally, living with a dog for emotional support would also help ████████ by forcing him to develop a routine which would provide structure to his days as a dog will need to be fed and exercised regularly. We are hopeful that with time and with the therapeutic support of an emotional support animal, ████████ will be able to interact with others without suffering from extreme anxiety.

Additionally, having an assigned parking spot close to his unit would greatly benefit ████████ in coping with his disabilities. Currently he has extreme difficulty in interacting with strangers, and being around people other than immediate family. Having an assigned parking space near his unit will allow ████████ to come and go from his home without encountering as many residents.

Sincerely,

J. Daniel Wanwig, M.D.

4050 South 19th Street, Suite 200 • Tacoma, Washington 98405 • (253) 272-3031